## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MATRIX SERVICE, INC.,<br>an Oklahoma Corporation | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 03 CV 858 H (J) |
| | ) | |
| | ) | |
| AMERICAN INTERNATIONAL | ) | |
| SPECIALTY LINES INSURANCE | ) | |
| COMPANY, a foreign insurance | ) | |
| company | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**
AUG 2 5 2004
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## JOINT APPLICATION
## FOR ENTRY OF AGREED PROTECTIVE ORDER
## AND BRIEF IN SUPPORT

**COME NOW** the Plaintiff, Matrix Service, Inc. and Defendant, American International

Specialty Lines Insurance Company, ("AISLIC"), and pursuant to Fed. R. Civ. P. 26(c) and

Magistrate Judge Sam A. Joyner's Order of July 13, 2004, hereby requests the entry of an Agreed

Protective Order. A copy of the Agreed Protective Order signed by counsel for both parties is

submitted contemporaneously with this Application for the Court's consideration.

In Support of this Application, the parties would show this Court as follows:

1. By Order dated July 13, 2004, Magistrate Judge Sam A. Joyner directed the parties

to submit an Agreed Protective Order to be entered by the Court. (Order, July 13, 2004, pp. 3-4,

attached as Exhibit "A").

2. In addition, the parties have agreed that the entry of the Agreed Protective Order will

expedite discovery of documents and information relevant to the issues in this lawsuit. The Agreed



Protective Order will serve to further the inexpensive resolution of the action by reducing discovery costs and eliminating motion practice that might otherwise be necessary with regarding confidential and proprietary information in the absence of the Agreed Protective Order.

**WHEREFORE,** premises considered, the Plaintiff, Matrix Service, Inc., and the Defendant, American International Speciality Lines Insurance Company, respectfully request that this Court enter the Agreed Protective Order, which has been signed by counsel for both parties and submitted to the Court contemporaneously with the filing of this Joint Application.

**ATKINSON, HASKINS, NELLIS, HOLEMAN,**
**BRITTINGHAM, GLADD & CARWILE**
A PROFESSIONAL CORPORATION


James N. Edmonds, OBA No.: 15757
Mark W. Maguire, OBA No.: 13722
525 South Main, Suite 1500
Tulsa, OK  74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
**Attorneys for Plaintiff Matrix Service, Inc.**


**PERRINE, McGIVERN, REDEMANN, REID,**
**BERRY & TAYLOR, P.L.L.C.**


William D. Perrine, OBA No.: 11955
Lawrence W. Zeringue, OBA No.: 9996
P.O. Box 1710
Tulsa, OK 74101-1710
Telephone: (918) 382-1400
Facsimile: (918) 382-1499
**Attorneys for Defendant American International**
**Specialty Lines Insurance Company**

2

## CERTIFICATE OF SERVICE

This is to certify that on this, the 25th day of August 2004, a true, correct, and exact copy of the above and foregoing instrument was hand-delivered to:

James N. Edmonds, Esq.
Mark W. Maguire, Esq.
Atkinson, Haskins, Nellis, Holeman,
Brittingham, Gladd & Carwile
525 South Main, Suite 1500
Tulsa, Oklahoma 74103-4524

I:\client.mat\0009\0590\Pleadings\jointappprotectorder-joe-z.wpd

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**F I L E D**

JUL 1 3 2004

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| MATRIX SERVICE, INC., an Oklahoma corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 03-CV-858 H (J) |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, a foreign insurance company, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Came on for hearing the 29th day of June, 2004, Plaintiff's First Motion To Compel [Doc.#14] and Defendant American International Specialty Lines Insurance Company's Motion For Protective Order [Doc.#17] and the Court finds as follows:

Plaintiff seeks an Order Compelling Defendant to fully respond to Interrogatory Nos. 5 and 6, and Requests for Production Nos. 4 and 5 of Plaintiff's First Discovery Requests to Defendant. Additionally, Plaintiff seeks costs and attorney's fees incurred in bringing the Motion.

This is a declaratory judgment involving a issue of first impression in Oklahoma regarding the scope of coverage under an insurance policy which contains CGL policy provisions adopted in 1986, when damage and loss are sustained as a result of the defective or negligent work of a subcontractor. Plaintiff alleges the 1986 provisions significantly broadened coverage by adding an exception in situations which

EXHIBIT

A

were previously excluded under the "your work" exclusions. The exclusions and their

exceptions at issue in this case provide:

    j.  Damage to Property

* * * *

    (6)    That particular part of any property that must be restored, repaired or
             replaced because your work was incorrectly performed on it.

* * * *

Paragraph (6) of this exclusion does not apply to property damage included in
the products-completed operations hazard.

* * * *

l. Damage to Your Work

Property damage to your work arising out of it or any part of it and included in
the products-completed operations hazard.

This exclusion does not apply if the damaged work or the work out of which the
damage arises was performed on your behalf by a subcontractor.

Plaintiff urges the reasonable expectations of the insured is at issue in this

litigation and propounded discovery to Defendant going to this issue. Defendant

responds that the discovery sought seeks disclosure of information that is proprietary,

confidential or a trade secret. Defendant further objects on the ground that the

discovery is vague, overly broad, and irrelevant.

Defendant asserts the reasonable expectation doctrine only applies if there is

ambiguity in the policy language. Additionally, Defendant asserts because this is a

contract action, the policy provisions are inapplicable, urging coverage is only available

for tort claims to third parties. These arguments go to the ultimate issues in the case

-- 2 --

and are more appropriately raised by motion for summary judgment, not as defensive strategy in discovery.  Defendant's concerns are adequately protected by entry of protective order.

Plaintiff should not be limited in its ability to present its case should the Court ultimately determine there is an ambiguity in the policy language, particularly where there is authority supporting Plaintiff's position as to the interpretation of this policy provision. *Kalchthaler v. Keller*, 591 N.W.2d 169 (1999).

However, the Court finds the propounded discovery should be limited to evidence of Defendant's activities in the state of Oklahoma. In the case of document production, only those documents which were available to Defendant's representatives in Oklahoma should be produced.

Defendant also states discovery is inappropriate as to AIG Claims Services, Inc., a separate corporate entity which is not a party to this suit. This objection was not raised in response to the discovery requests. If, in fact, Defendant does not have possession, custody or control of this named entity and the discovery requested, and Defendant so certifies in supplemental response, the motion to compel as to this entity is denied. If supplemental response does not so certify, motion to compel is sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's First Motion To Compel [Doc.#14] is sustained in part and denied in part and Defendant American International Specialty Lines Insurance Company's Motion For Protective Order [Doc.#17] is sustained in part and denied in part. The requested discovery shall be produced 10 days following entry by this Court of an Agreed Protective Order to

-- 3 --

be submitted by the parties.  Plaintiff will be permitted to proceed with 30(b)(6) Notice

subject to the modifications to discovery requests set forth in this Order. Cost and

attorney's fees are denied.

DATED THIS _13_ DAY OF JULY, 2004.

SAM A. JOYNER
UNITED STATES MAGISTRATE JUDGE